IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:15-CR-3027 |
| vs. | |
| JORGE E. TSUHAKO, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report and addendum in this case. The defendant has objected (filing 222) to the presentence report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

   (c) impose upon the United States the burden of proof on all Guidelines enhancements;

   (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

   (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant objects to the presentence report's assessment of a four-level aggravating role enhancement pursuant to U.S.S.G. § 3B1.1(a). *See* filing 222. Under that section, the offense level is increased four levels if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." *Id.* Section 3B1.1(a) employs a very broad definition of what constitutes a leadership and organizational role. A defendant need not be *the* leader of an organization or lead all of the other participants in the activity in order to be a leader under § 3B1.1(a), and a defendant need not have directly controlled others in the organization to have functioned as an organizer. *See*, *United States v. Antillon-Castillo*, 319 F.3d 1058, 1060 (8th Cir. 2003); *United States v. Harry*, 960 F.2d 51, 54 (8th Cir. 1992).

   In determining whether an aggravating role enhancement is appropriate, the Court is to consider the following factors: "'the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.'" *United States v. Lopez*, 328 F. App'x 352, 355 (8th Cir. 2009) (quoting U.S.S.G. § 3B1.1 app. n.4). And the government has the burden of proving by a preponderance of the evidence that the aggravating role enhancement is warranted. Accordingly, the Court will resolve this objection on the evidence presented at sentencing.

3. The defendant is also expected to move for a downward variance from the Sentencing Guidelines. *See* filings 223 and 224. Assuming such a motion is filed, the Court will rule on it at sentencing.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 14th day of December, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge