IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:15-CR-3027 |
| vs. | MEMORANDUM AND ORDER |
| JORGE E. TSUHAKO, | |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 309) filed by the defendant, Jorge E. Tsuhako. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was convicted, pursuant to a guilty plea, of one count of conspiring to use unauthorized access devices, in violation of 18 U.S.C. § 1029(b)(2). His plea agreement stipulated that the total loss resulting from the conspiracy was $74,772.50, and that his base offense level would be increased 8 levels pursuant to U.S.S.G. § 2B1.1(b)(1)(E), for a loss of more than $70,000 but less than $120,000. Filing 162 at 3-4. The plea agreement also provided that the offense level would be increased another 2 levels pursuant to § 2B1.1(b)(2)(A), because the offense involved more than 10 victims. Filing 162 at 4. The defendant testified at his change of plea hearing that he understood those aspects of the plea agreement. Filing 172 at 15-16. In his plea agreement, the defendant also "knowingly and expressly" waived "any and all rights to contest" his conviction and sentence, "including any proceedings under 28 U.S.C. § 2255," except for the right to challenge his conviction and sentence "should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime" and the right to "seek post-conviction relief based on ineffective assistance of counsel." Filing 162 at 7.

Fortunately for the defendant, the Sentencing Guidelines were amended before he was sentenced. *See* U.S.S.G. Amend. 791. So, the presentence report only assessed a 6-level increase based on the loss calculation, for a loss of more than $40,000 but less than $95,000. Filing 259 at 15. And it assessed a 2-level increase for 10 or more victims. Filing 259 at 16. The presentence report listed, in detail, the victims of the offense and the amounts of their losses. Filing 259 at 3-8. Based on an offense level of 19 and a criminal history category I, the presentence report set the Guidelines imprisonment range at 30 to 37 months. Filing 259 at 21. The Court adopted that finding, filing 258 at 1, and imposed a Guidelines sentence of 30 months' imprisonment, filing 257 at 2. The Court also ordered the defendant to pay restitution to five of the victims, in the amount of $5,712.44. Filing 257 at 4.

## DISCUSSION

The defendant's § 2255 motion raises four claims: two related claims of ineffective assistance of counsel, a claim that his previous counsel used privileged information against him, and a claim that payments toward his restitution obligation have not been properly credited. Filing 309 at 4-7. None of the defendant's claims have merit.

## INEFFECTIVE ASSISTANCE OF COUNSEL

To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id*. Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

The defendant raises two complaints with respect to his trial counsel: that she did not object to the 6-level enhancement based on the loss calculation, and that she did not object to the 2-level enhancement for the number of victims. Filing 309 at 4-5. But the facts he alleges in support of these claims are woefully insufficient. He alleges that he "was not shown the discovery that supported such amounts" and "only got the breakdown of $5,712.44," but "was punished for more than $40,000." Filing 309 at 5.

It is notable what the defendant does not allege: he does not allege that the losses from the conspiracy were less than $40,000. Even assuming that the defendant was not shown "the breakdown" of the total loss calculation (and the Court has good reason to question that), the defendant's counsel did not perform deficiently, nor was the defendant prejudiced, by her supposed failure to do so. And the defendant acknowledged the amount of loss caused by the conspiracy in his plea agreement. The fact that restitution in this case was apportioned among multiple defendants, *see* 18 U.S.C. § 3664(h), does not change the fact that the loss calculation was appropriately premised on reasonably foreseeable losses that resulted from the entire conspiracy, *see* U.S.S.G. § 1B1.3(a)(1).

The same reasoning extends to the number of victims: the defendant does not allege that there were fewer than 10 victims; he simply alleges that he never saw a list. Again, the Court has reason to doubt that. And again, the defendant specifically acknowledged the number of victims in his plea

agreement. But even if the defendant's allegations were true, they would not prove anything.

In short, the defendant's allegations of ineffective assistance of counsel, even if taken as true, do not entitle him to relief.

## BREACH OF CONFIDENTIALITY

The defendant alleges that his former counsel used privileged information against him. Specifically, he alleges:

> Before this case was taken over by Federal authorities, it was a state case. I hired lawyer Carlos Monzon to represent me in that case. When the case became Federal, he was no longer my lawyer, but became the lawyer of one of my co-defendants, Angel Oramas, and this lawyer used the confidential information he obtained from me as a client, and instructed my co-defendant to use it against me.

Filing 309 at 5. And, indeed, Oramas was a codefendant in this case, and was represented in federal court by Carlos Monzón.

But everything the defendant alleges would have been known to him before he was sentenced. Oramas was, in fact, sentenced before the defendant. *Compare* filing 235 *with* filing 254. So, these allegations could have been raised before, and the defendant has procedurally defaulted on this claim by not bringing it before this Court prior to judgment, or to the Court of Appeals on direct appeal. *See Lindsey v. United States*, 615 F.3d 998, 1000-01 (8th Cir. 2010).

Of course, the likely reason that the defendant did not appeal to raise this issue is that he waived the right to do so. Filing 162 at 7. But he also waived his right to collaterally attack the judgment. There is no question that a knowing and voluntary waiver of a defendant's right to direct appeal or collateral attack is generally enforceable. *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). Such a waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice. *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011).

The defendant does not couch this issue in terms of ineffective assistance of his trial counsel—that is, he does not claim that his counsel in this Court was ineffective on this claim—so it falls within the scope of his appeal waiver. And the Court cannot find a "miscarriage of justice" on the facts alleged, given the narrowness of that exception. *See United States v.*

- 4 -

*Andis,* 333 F.3d 886, 891 (8th Cir. 2003). The defendant does not, for instance, claim that his plea agreement was not knowing and voluntary, or that his conviction and sentence rest on some constitutionally impermissible factor. *See id.* at 894. Under the circumstances, there is no basis for excusing the defendant from either his procedural default or the waiver provision of his plea agreement.

### RESTITUTION CREDIT

Finally, the defendant alleges that the "amount of restitution" he owes "still shows as $5,712.44," even though he has already made payments. It is not clear from the defendant's motion where he is seeing that balance.[1] But regardless, this issue is not cognizable under § 2255. The Eighth Circuit has explained that

> Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus. Like habeas corpus, this remedy does not encompass all claimed errors in conviction and sentencing. It provides a remedy for jurisdictional and constitutional errors, neither of which is at issue here. Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.

*Sun Bear v. United States,* 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (citations and quotations omitted). A federal prisoner cannot challenge the restitution portion of his sentence using § 2255, because it affords relief only to prisoners claiming a right to be released from custody. *United States v. Bernard,* 351 F.3d 360, 361 (8th Cir. 2003). An issue with payment of the defendant's restitution does not show that the initial sentence was unlawful or void so as to support relief under § 2255.

### CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed.

---

[1] In fact, a check of the Court's internal records shows that the outstanding balance of his restitution judgment is $1,812.44, indicating that the $3,900 payment he is concerned above, *see* filing 309 at 6, actually *was* properly credited toward the judgment.

- 5 -

R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 309) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 24th day of October, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge